Johns,pN, 0, J, The plaintiff in error has raised several objections to the decision of the circuit court in overruling his motion in arrest. Upon a earefu} examination of the record, we have found but ,one single point sustained by it. This involves the .question of the sufficiency pf the swearing of the jury who tried the case. They were simply sworn to speak the truth in the premises. The form of the path in England is this: “You shall well and truly try, and a true deliverap.ce make between our ¡Sovereign I*ord the King and the prisoner at the bar, whom yoq shall have ip charge, and q true verdict give according to the ¡evidence: Sp help you God,” To the charge in the indictment the plea of the general issue was interposed, and upon which issup was taken. Here there was ah issue regularly formed, which Involved questions pf law as well as fact, and upon which the jury ■yvere required to pass. In ajl criminal prosecutions under our constitution and lavys, the jury are the judges both of the law and the evidence, and .as a necéss.ary consequence should be sworn, fo decide according. to both. Jt is perfectly manifest that the swearing hi this case Is wholly insufficient, as they are not sworn to web and truly try and a trpe deliverance make between the ¡State pf Arkansas and the prisoner at the bar, nor tp give a trite verdict according tp the law and the evidence. The judgment of the circuit court of Sc.ott county herein rendered piust therefore be reversed .and the prisoner remanded to be further dealt with according tp l.aw,